UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| United States of America, ex rel. Eva Zemplenyi, M.D., and Eva Zemplenyi, M.D., individually,<br><br>                Plaintiffs,<br><br>    v.<br><br>Group Health Cooperative, Group Health Permanente, Group Health Options, Inc., KPS Health Plans, Group Health Northwest, Michael Lee, M.D., Terrence Clark, O.D., John Does 1-20,<br><br>                Defendants. | CASE NO. C09-0603 RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

**Introduction**

This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. #15). Plaintiff and relator Eva Zemplenyi ("plaintiff"), M.D. brings suit individually and on behalf of the United States of America (Dkt. #12). The United States has declined to intervene in this *qui tam* action. Plaintiff's Amended Complaint alleges claims for fraud and retaliation under the False Claims Act, 31 U.S.C.A. § 3729(a)(1-3), § 3730(h) ("FCA") and also alleges common law

claims for wrongful termination of employment, fraud, and unjust enrichment (Dkt #12). Defendants Group Health Cooperative, Group Health Permanente, Group Health Options, Inc., KPS Health Plans, Group Health Northwest, Michael Lee, M.D., Terrence Clark, O.D. and John Does 1-20 (collectively "defendants") bring a Motion to Dismiss (Dkt. #15). Defendants argue that plaintiff's Amended Complaint fails to plead fraud with particularity under the FCA as required by Federal Rule of Civil Procedure 9(b) (Dkt. #15). Defendants also argue that plaintiff's retaliation claim under the FCA and plaintiff's common law claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

For the reasons set forth below, the defendants' Motion to Dismiss is GRANTED in part, and DENIED in part.

**Discussion**

  A. **Background**

Plaintiff is an ophthalmologist who was employed by Defendant Group Health and Group Health Permanente from 1988 until 2007 (Dkt. #12 ¶ 61). In her Amended Complaint, plaintiff alleges that defendants performed medically unnecessary cataract surgeries in order to increase revenue, allegedly resulting in false claims being submitted to Medicare for reimbursements. (Dkt. #12 ¶ 3). In 2005, defendants allegedly dispensed with Medicare guidelines requiring a pre-operative examination prior to surgery (Dkt. #12 ¶ 67). Throughout 2005 and 2006, plaintiff allegedly voiced her objections over what she saw as the performance of unnecessary surgeries and reported her concerns to a Medicare Compliance Officer (Dkt. #12. ¶ 68, ¶ 70). As a result of her actions her job was allegedly threatened as she was subject to a negative performance review without prior discussion or opportunity to respond, subject to an investigation, and

Case 2:09-cv-00603-RSM Document 19 Filed 09/10/10 Page 3 of 7

transferred to Federal Way. (Dkt. #12 ¶ 69, 84, 85). In 2007, plaintiff resigned, alleging that she had little choice under the circumstances. (Dkt. #12 ¶ 87).

**B. Particularity under Rule 9(b)**

In order for a claim for fraud under the FCA to proceed, the complaint must meet the particularity requirements under Rule (9)(b). 31 U.S.C.A. § 3729(a); Fed. R. Civ. P. 9(b). Rule 9(b) requires that a relator must state with particularity the circumstances that constitute the fraud or mistake. Fed. R. Civ. P. 9(b). The FCA imposes liability on any individual or entity that "(1) knowingly presents, or causes to be presented, to an officer or employee of the United States government; … a false record or statement to get a false or fraudulent claim paid or approved by the Government; … and (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.:" 31 U.S.C. § 3729(a). The Ninth Circuit has specifically held that Rule 9(b) requires a party alleging fraud or mistake to state with particularity the circumstances constituting the fraud or mistake, including "the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S.* v. *Lungwitz*, No. 09-16122, 2010 WL 3092637, at *4 (9th Cir. Aug. 9, 2010) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1106 (9th Cir. 2003)). Some courts have allowed a relaxed standard to permit discovery in corporate fraud cases where the defendant exclusively possesses the evidence. *Ebeid*, 2010 WL 3092637, at *4. However, the Ninth Circuit has declined to broadly apply this limited principle in order to facilitate claims otherwise lacking in specificity. The FCA focuses on the submission of an actual false claim, rather than concerning itself with "whether and to what extent there exists a menacing underlying scheme." *United States of America* v. *Kitsap Physicians*, 314 F.3d 995, 1002 (9th Cir. 2002).

Plaintiff's amended complaint fails to describe the claims with the specificity necessary

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 3

to avoid dismissal. The complaint simply states that she is personally aware of at least ten individual cases, but falls short of discussing the specific details of any actual claims submitted (Dkt. #12 ¶60). Plaintiff's allegations that defendants are involved in a scheme that promotes the performance of unnecessary surgeries in order to increase revenue concerns itself with the existence of an alleged underlying scheme, without providing specific facts about the claims themselves (Dkt. #12). Absent at least some specific details regarding the alleged false claims, plaintiff is unable to meet the particularity requirements set forth by Rule 9(b) necessary to survive dismissal. However, plaintiff is granted leave to amend in order to provide specific facts regarding the circumstances of the alleged false claims.

**C. Retaliation Claim under the FCA**

The FCA provides that an employee or agent who is discharged, harassed or discriminated against in their employment has a cause of action for retaliation. U.S.C. § 3730(h). For plaintiff to succeed on a retaliation claim, she must show (1) that she engaged in protected activity; (2) that the employer knew the plaintiff was engaged in protected activity; (3) and that the employer discriminated against plaintiff because she engaged in a protected activity. *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1103 (9th Cir. 2008) (citing *Moore v. Cal. Inst. of Tech. Jet Propulsion Lab.*, 275 F.3d 838, 845 (9th Cir. 2002)).

Therefore, to state an FCA retaliation claim, a plaintiff must show that he or she reasonably suspected that the defendant submitted a false claim, but does not need to show that defendant actually submitted a false claim. *Id*. at 1103 (citing *Graham County Soil and Water Conservation Dist*. v. *United States ex rel Wilson*, 545 U.S. 409, 416-417 (2005)). Moreover, unlike an FCA violation, an FCA retaliation claim need not meet the particularity necessary under rule 9(b). *Id.* at 1103 (citing *Karvelas* v. *Melrose-Wakefield Hosp*., 360 F.3d 220, 238 (1st

1  Cir. 2004)). Plaintiff satisfies element (1) if she reasonably believed that defendants were
2  involved in a plan to increase revenue by performing unnecessary surgeries. Plaintiff's
3  description of the alleged scheme and her efforts to bring the scheme to the attention of
4  supervisors and compliance officers is enough to meet this threshold requirement. (2) Plaintiff
5  indicates that she voiced her concerns to her supervisor and reported the possible abuse, and that
6  her supervisor suspected that it was plaintiff who filed the report (Dkt. #12. ¶ 68, 70). Plaintiff's
7  allegations provided defendants with notice of potentially fraudulent practices that plaintiff
8  believed led to false claims. (3) Plaintiff alleges that she received previously unmentioned
9  criticisms in a negative performance review without being given an opportunity to respond. (Dkt.
10 #12 ¶ 84, 85). She also alleges that defendants hired an independent investigator who allegedly
11 had a close relationship with defendant's management. (Dkt. #12 ¶ 85) If accepted as true, the
12 plaintiff's complaint sets forth sufficient facts to constitute a plausible FCA retaliation claim.

13    **i)    Retaliatory Transfer**

14    Plaintiff alleges that her transfer to the Federal Way clinic constituted part of the
15 retaliation directed against her. The transfer occurred in April 2006 (Dkt #12 ¶ 69). Retaliation
16 claims are subject to the most closely analogous statute of limitations under state law, and are not
17 subject to the FCA's six year statute of limitations for asserting liability for false claims. *U.S. v.*
18 *Hughes Aircraft Co.*, 162 F.3d 1027, 1034 (9th Cir. 1998). Therefore, Washington's "catchall"
19 statute that sets a three-year limitations period for claims for injuries to persons is applicable.
20 *Marchese v. Cell Threapeutics*, No. C06-168MJP, 2007 WL 2572347, *3 (W.D. Wash. Sept 6,
21 2007). Plaintiff's original complaint was filed on May 6, 2009. Therefore, claims that predate
22 May 6, 2006 are time-barred and the retaliatory transfer claim is dismissed.

23    **ii)   Employment Relationship**
24

1   Finally, defendants argue that plaintiff is not an employee within the meaning of the
2 statute with respect to all defendant entities other than Group Health Permanente (Dkt. #15 ¶ 5).
3 However, the language of the statute does not only afford protection to employees, but rather
4 more broadly protects agents as well. U.S.C. § 3730(h). Therefore, plaintiff must have the
5 opportunity to disclose sufficient facts to demonstrate an employment or agency relationship
6 with respect to the other corporate entities named as defendants.
7   Nonetheless, plaintiff cannot maintain her claim against supervisors in their individual
8 capacity. "Although the Ninth Circuit has not addressed whether an individual supervisor is an
9 'employee' under the FCA, the vast majority of courts have answered this question in the
10 negative …" *United States ex rel. Lockyer v. Hawaii Pac. Health*, 490 F. Supp. 2d 1062, 1085-
11 1086 (D. Haw. 2007). Significantly, in the Ninth Circuit, a supervisor cannot be sued
12 individually as an employer under Title VII. *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587
13 (9th Cir. 1993). For these reasons, plaintiff's claims against Michael Lee, M.D. and Terrence
14 Clark, O.D. are dismissed.

**D. Common Law Wrongful Discharge Claim**

The prevailing policy of Washington courts has been to deny common law wrongful discharge claims when they are entirely duplicative of existing statutory remedies. *Hochberg v. Lincare, Inc.*, No. CV-07-0031, 2008 WL 1913853 at *4 (E.D. Wash. April 28, 2008).

**E. Unjust Enrichment and Common Law Fraud**

Plaintiff does not dispute defendants' contention that she lacks standing to bring common law claims of unjust enrichment and fraud on behalf of the United States Government, and therefore these claims are dismissed.

## Conclusion

For the reasons discussed above, the Court:

(1) GRANTS defendants' Motion to Dismiss with plaintiff given leave to amend as to her claims for violations of the False Claims Act, 31 U.S.C. §3729(a)(1-3).

(2) DENIES defendants' Motion to Dismiss as to plaintiff's claim for retaliation under the False Claims Act, 31 U.S.C. §3730(h), but GRANTS the Motion to Dismiss as to the "retaliatory transfer" claim and all claims against Michael Lee, M.D. and Terrence Clark, O.D.

(3) GRANTS defendants' Motion to Dismiss as to plaintiff's common law wrongful discharge claim.

(4) GRANTS defendants' Motion to Dismiss as to plaintiff's common law fraud and unjust enrichment claims.

Dated this 10th day of September 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE